IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 1:09-cr-00146

KEITH EUGENE NELSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Defendant Keith Eugene Nelson's Motion to Dismiss Indictment [Docket 18]. This matter is fully briefed and ripe for the Court's consideration.

      The facts relevant to the pending motion do not appear to be in dispute. On December 5, 2002, Defendant was convicted of felony offenses in Illinois for which he was required to register as a sex offender. Defendant maintained his registration status in Illinois through August 1, 2008. Beginning in or around February of 2009, Defendant began to spend several nights a week at a residence in Bluefield, West Virginia. He apparently spent the rest of his time on parts of the Appalachian Trail in the vicinity of Bland, Virginia.

      On April 2, 2009, the vehicle Defendant was driving was stopped by local law enforcement officers for a traffic violation. It was discovered that Defendant had no valid drivers license and that he had not registered in West Virginia as a sex offender. He was charged with the offense of failure to register as a sex offender by the West Virginia authorities and required to complete a sex offender registration form by April 6, 2009.

On June 9, 2009, a federal grand jury charged Defendant with failure to register as a sex offender in violation of 18 U.S.C. § 2250. On June 16, 2009, Defendant filed the instant motion to dismiss the indictment, challenging the constitutional and legal validity of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901, *et seq.*, 18 U.S.C. § 2250, and regulations promulgated pursuant to SORNA.

Defendant's legal and constitutional challenges to SORNA are identical in all material respects to arguments presented in a case recently decided by this Court, *United States v. Talada*, __ F. Supp. 2d __, 2009 U.S. Dist. LEXIS 47630, 2009 WL 1587178 (S.D. W. Va. 2009) (Johnston, J.). In *Talada*, this Court found that SORNA's registration requirements are constitutional and enforceable as to offenders convicted of felony sex offenses prior to the SORNA's effective date and who have traveled across state lines after the Attorney General exercised his authority on February 28, 2007, to make SORNA applicable to all sex offenders, *see* 28 C.F.R. § 72.3. Defendant's motion to dismiss acknowledges the similarities between his case and *Talada*:

> This Motion raises the same constitutional challenges to the Government's application of SORNA that were previously addressed in this Court's June 5, 2009 decision which denied a motion to dismiss filed by the defendant in *United States v. Chad Talada*, Crim. No. 5:08-00269. As the Motion presents legal issues of first impression within this Circuit, this Motion is filed in order to preserve these arguments for subsequent appellate consideration.

(Docket 18 ¶ 6.)

Since *Talada* was decided on June 5, 2009, the Court of Appeals for the Fourth Circuit issued its decision in *United States v. Gould*, __ F.3d __, 2009 U.S. App. LEXIS 13094, 2009 WL 1703205 (4th Cir. 2009). The defendant in *Gould* was convicted in a district court in Maryland for failing to register as a sex offender as required by SORNA. Maryland, like West Virginia, has not yet fully implemented SORNA. The defendant raised many of the same arguments presented in

2

*Talada* and by Defendant in this case.  The Fourth Circuit rejected each of the challenges to SORNA and affirmed the defendant's conviction.

Judge Michael dissented from the panel's decision in *Gould*, contending that the conviction should have been overturned.  Judge Michael's dissent argues that the regulation promulgated by the Attorney General making SORNA applicable to all sex offenders did not follow the procedural requirements of the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*.  Accordingly, Judge Michael would hold SORNA's registration requirements unenforceable until such time as the Attorney General promulgates new regulations in accordance with the APA's notice and comment procedures.

Defendant filed a supplemental brief in response to *Gould*.  In the brief, Defendant states that "the *Gould* decision has essentially resolved all of the legal challenges contained within Mr. Nelson's pending Motion to Dismiss." (Docket 25 at 2.)  Nonetheless, Defendant urges the Court to grant the motion to dismiss for the reasons stated in Judge Michael's dissent.

As a published opinion of the Fourth Circuit, *Gould* is binding precedent.  This Court is not at liberty to disregard its holding in favor of a dissenting opinion.  Moreover, the decision in *Gould* is nearly identical to, and entirely supportive of, this Court's reasoning in *Talada*.  The arguments presented by Defendant are neither factually nor legally distinguishable from *Gould* and *Talada*.  For the reasons elaborated in those decisions, Defendant's motion to dismiss [Docket 18] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office.

ENTER: June 29, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE