```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 1:09-00146

KEITH EUGENE NELSON

### MEMORANDUM OPINION AND ORDER

In Charleston, on May 12, 2021, came the defendant, Keith Eugene Nelson, in person and by counsel, Michael R. Whitt; came the United States by Andrew Isabell, Assistant United States Attorney; and came Senior United States Probation Officer Patrick M. Fidler, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on April 8, 2021.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he had the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant, by counsel, admitted some of the conduct alleged in the petition:  drug and alcohol use.  The court found that the charges of drug and alcohol use were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised

release upon such grounds was 21 to 27 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of 24 months.  Upon completion of his term of incarceration, the defendant will be subject to a period of supervised release of 5 years.  All previously imposed special conditions of supervised release shall be reimposed.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),

(a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the violations and the history and characteristics of the defendant.  The court further concluded that the 24-month sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  The court further found that the record did not support the defendants' contention that lack of treatment is the only reason for his violations.  To the contrary, the record reflected a lack of cooperation on the defendant's part with those trying to help him.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within 14 days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 19th day of May, 2021.

ENTER:

David A. Faber
Senior United States District Judge

4