IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:09-00146

KEITH EUGENE NELSON

### MEMORANDUM OPINION AND ORDER

In Bluefield, on January 9, 2023, came the defendant, Keith Eugene Nelson, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; came the United States by Andrew Isabell, Assistant United States Attorney; and came United States Probation Officer Amanda Brookman, for a resentencing hearing on the petition to revoke the defendant's term of supervised release.  Defendant's earlier sentence of 24 months' imprisonment and five years of supervised release, imposed on May 12, 2021, was vacated by the United States Court of Appeals for the Fourth Circuit and remanded for resentencing.  See ECF Nos. 184, 185, 186, and 187.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 21 to 27 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which

provides a maximum term of imprisonment of two years.  The supervised release sentence available to the court was a term of up to life with no minimum.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant be incarcerated for a period of time served.  For reasons placed on the record at the hearing, the court did not reimpose an additional period of supervised release.

In considering the sentence to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 31st day of January, 2023.

ENTER:

David A. Faber
Senior United States District Judge